UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAIN C. HULL,

    **Plaintiff,**

v.                                Civil Action 2:23-cv-3940
                                       Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

DAVID YOST, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Seain C. Hull, an Ohio state inmate proceeding without the assistance of counsel, brings this action against numerous state and jail officials. Plaintiff's Complaint was accompanied by neither the $402.00 filing fee nor a properly supported motion for leave to proceed *in forma pauperis*. However, even if Plaintiff were to move for leave to proceed *in forma pauperis*, for the reasons that follow, it is **RECOMMENDED** that any such motion be denied.

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned has determined that Plaintiff is a "three striker" as contemplated in § 1915(g) due to four lawsuits or appeals he filed that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *See Hull v. Henderson, et al.,* No. 3:01-cv-109-LAC/SMN (N.D. Fla., May 11, 2001); *Hull v. Schwartz, et al.*, No. 3:01-cv-164-RV/MD (N.D. Fla., Oct. 25, 2001); *Hull, et al. v. Germany, et al.*, No. 5:98-cv-232-MMP/SMN (N.D. Fla., Feb. 9, 1999); and *Hull v. Singletary, et al.*, No. 5:98-cv-233-SPM/SMN (N.D. Fla., Dec. 26, 2000); *see also Hull v. Parker, et al.*, No. 3:05-cv-1260-HES-HTS (M.D. Fla., Dec. 20, 2005) (denying Plaintiff's motion for leave to proceed *in forma pauperis* due to his three-striker status).

In view of Plaintiff's multiple "strikes," he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[ ] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id*. (citing *Taylor v. First Med. Mgmt*., 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

With respect to Plaintiff's claims against the Defendants, the undersigned is unable to discern any facts from either Plaintiff's Complaint or his other filings that plausibly allege that

he meets the statutory exception set forth in § 1915(g). For these reasons, the undersigned makes the following **RECOMMENDATIONS**:

1. Any motion that Plaintiff might file for leave to proceed *in forma pauperis* be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE