IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Seain C. Hull,

    Plaintiff,

  v.                                                 Case No. 2:23-cv-3940
                                                      Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

David Yost, et al.,

    Defendants.

## Order

This matter is before the Court to consider a Report and Recommendation (doc. 2) issued by Magistrate Judge Vascura on December 14, 2023. Plaintiff Seain Hull, an Ohio State inmate proceeding without the assistance of counsel, brings this action against numerous state and jail officials. Plaintiff alleges that his constitutional rights were violated because Defendants improperly required him to register as a tier three sex offender, imposed upon him an excessive bail requirement, lit his jail cell too brightly, and restricted his access to phone calls and to hygiene supplies. Plaintiff's complaint was not accompanied by the $402.00 filing fee as he wishes to proceed *in forma pauperis*. Plaintiff has filed subsequent motions for Contempt as to certain Defendants and for Default Judgment against the Defendants. The Court will address each of these motions.

    The Magistrate Judge found that Plaintiff's right to proceed *in forma pauperis* was restricted under Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104- 134, 110 Stat. 1321, amending 28 U.S.C. § 1915, also known as the "three strikes" rule. The Plaintiff was determined to be a "three striker" due to four prior lawsuits or appeals he filed that were ultimately dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Due to the Plaintiff's multiple strikes, he may not proceed *in forma pauperis* unless he falls within the statutory exception outlined in §1915(g). This exception states that prisoners who are under imminent danger of serious physical injury may proceed *in forma pauperis* despite the

number of "strikes." Based on the facts provided, the Magistrate Judge found that Plaintiff failed to plausibly allege that he falls under the "imminent danger" exception and is not entitled to proceed *in forma pauperis*.

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Plaintiff's Objections to Report and Recommendation

Plaintiff timely filed an objection to the Report and Recommendation. In his objection, Plaintiff asserts that his prior claims were legitimate but his attempts to properly file them were thwarted by jail officials. Plaintiff further states that he is an "S.S.I" recipient who lacks the means to pay the costs associated with this action. Aside from asserting that he is a pretrial detainee and not a state prisoner, Plaintiff fails to further address the merits of the Magistrate Judge's findings that he is a "three striker" under §1915. The Court notes that "§1915(g) specifically applies to pretrial detainees." Branham v. Cook, 48 Fed. App'x 995, 996 (6th Cir. 2002). Additionally, Plaintiff makes no attempt to demonstrate that he falls under the "imminent danger exception."

The Court agrees with the Magistrate Judge that the plaintiff may not proceed *in forma pauperis*. Plaintiff has accrued "three strikes" and fails to present a plausible case that he falls under the "imminent danger exception."

### C. Plaintiff's Motions for Contempt and Default Judgment

On December 15th, 2023, Plaintiff filed a motion for Contempt, alleging that jail officials refuse to complete their portion of his *in forma pauperis* application. The Court finds that this point is moot given that Plaintiff is barred from proceeding *in forma pauperis* under 28 U.SC. §1915.

Plaintiff subsequently filed a motion for Default Judgment against the Defendants on

February 2, 2024, relying on F.R.C.P Rule 55. The Court finds that this motion is also moot.

### D. Conclusion

The Court agrees with the Magistrate Judge's R&R (doc. 2) and **ADOPTS** the same. The Plaintiff's objection (doc. 4) is **OVERRULED** and his motions for Contempt (doc. 3) and the motion for Default Judgment (doc. 5) are **DENIED**.

Plaintiff is advised that failure to pay the full $402 filing fee within thirty days will result in the dismissal of this action. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith.

It is so ORDERED.

                                                      *s/James L. Graham*
                                                      JAMES L. GRAHAM
                                                      United States District Judge

DATE: February 9, 2024